IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRIEST JOHNSON,

                Petitioner,                        ORDER

     v.                                    3:08-cv-0064-bbc

PETER HUIBREGTESE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

Priest Johnson, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner challenges his April 8, 1998 convictions in the Circuit Court for Milwaukee County on three counts of second degree sexual assault of a child, Wis. Stat. § 948.02(2). Petitioner contends that he is entitled to federal habeas relief because 1) the trial court lacked jurisdiction because the alleged conduct occurred on a federal military base; 2) he was denied the right to cross examine the victim at trial; 3)  the trial court erred in convicting him because there were no witnesses against him and he never admitted guilt; 4) the trial court erred in relying on a false and misleading presentence report during sentencing; 5) the trial court erred in refusing to dismiss the case even though there was no proof of the victim's age and no witnesses testified

against petitioner; 6) his trial counsel was ineffective for failing to challenge the trial court's jurisdiction, conviction and sentencing; and 7) his postconviction counsel was ineffective for failing properly challenge his sentence and raise other unspecified issues on appeal.  Without ruling on whether petitioner has raised constitutionally viable claims or exhausted his state remedies (petitioner states that he did not "specifically raise" claims 2 and 3 "pro se," dkt. 1 at 5b), I note that the petition appears to be filed untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one year statute of limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244.  The one year limitation begins to run from the latest of: 1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which any state impediment to filing the petition was removed; 3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence.   § 2244(d)(1)(A)-(D).   Pursuant to 28 U.S.C. § 2244(d)(2), time is tolled during the pendency of any properly filed application to the state for post-conviction relief.

Petitioner does not appear to be seeking habeas relief on the basis of any newly-recognized constitutional right or newly-discovered facts, or contending that the state impeded him from filing his habeas petition sooner.  Accordingly, the relevant starting date for statute of limitations purposes is the date on which petitioner's conviction became "final," as described in

2

§ 2244(d)(1)(A). According to the petition and court records available electronically, petitioner's conviction became final 90 days after the Wisconsin Supreme Court denied his petition for review on direct appeal from the conviction, or September 24, 2001. *See* Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County case nos. 98 CF 980328 at http://wcca.wicourts.gov (visited Feb. 11, 2008); CCAP WI Supreme Court and Court of Appeals Cases Access for nos. 2004 AP 2903, 2000 AP 258 and 1998 AP 3513 at http://wcca.wicourts.gov (visited Feb. 11, 2008); Petition, dkt. 1 at ¶ 9; *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (time for seeking direct review under § 2244(d)(1)(A) includes 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). Petitioner's deadline for filing a federal habeas petition expired one year and ninety days later, or December 23, 2002.

Petitioner did not file his habeas petition until January 30, 2008. Thus, his petition is untimely unless there is time that may properly be excluded from the one year under the AEDPA's tolling provision, § 2244(d)(2). Under § 2244(d)(2), "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted towards the statute of limitations. Petitioner did file a postconviction motion to vacate, set aside and dismiss the case under Wis. Stat. § 974.06 on September 21, 2004 and timely appealed the denial of that motion to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. However, in order to toll the statute of limitations, petitioner had to have filed that motion *before* his statute of limitations expired. Because that motion was not filed until almost two years *after* December 23, 2002, it could not

3

operate to toll the federal statute of limitations. *See Allen v. Siebert*, 128 S. Ct. 2, 2-3 (2007); *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000).

In sum, the facts set forth in the petition and information available online indicate that petitioner failed to file the petition within the limitations period set forth in 28 U.S.C. § 2244(d)(1). Before dismissing the petition, however, I will allow petitioner the opportunity to present any additional facts that might show that the petition is timely. Even if petitioner cannot show that his petition is timely under the statute, the possibility remains that his failure to file his petition on time may be excused for equitable reasons. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). However, equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Id. See, e.g., U.S. ex rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1115 (N.D. Ill. 2001) (run-of-the-mill claim of ignorance of law not sufficient to warrant equitable tolling); *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999) (fact that prison was sometimes on lock-down, preventing access to prison law library, did not establish "extraordinary circumstances" justifying equitable tolling). Petitioner's response should include any facts that might allow this court to apply the doctrine of equitable tolling.

ORDER

IT IS ORDERED that petitioner has until March 12, 2008 within which to show cause why his petition is not untimely. If petitioner fails to make such a showing, or if he fails to file

a response within this deadline, the court will find that his petition is untimely and will enter

an order dismissing the petition with prejudice.

Entered this 11th day of February, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5