IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRIEST JOHNSON,

                Petitioner,                        ORDER

       v.                                      3:08-cv-0064-bbc

PETER HUIBREGTESE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

Petitioner Priest Johnson, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his April 8, 1998 convictions in the Circuit Court for Milwaukee County on three counts of second degree sexual assault of a child, Wis. Stat. § 948.02(2). Petitioner contends that he is entitled to federal habeas relief because of various trial court errors and ineffectiveness of his trial and postconviction counsel. Noting that the petition did not appear to be filed within the limitations period set forth in 28 U.S.C. § 2244(d)(1), the Magistrate Judge allowed petitioner until March 12, 2008 in which to show cause why his petition was not untimely. Order entered February 11, 2008, dkt. #2. Petitioner has responded. Dkt. #3. Because petitioner has not shown that his filing was

timely or that his untimeliness may be excused for equitable reasons, I am dismissing the petition with prejudice.

Petitioner filed his habeas petition on January 30, 2008. Dkt. #1. As noted in the court's previous order, petitioner's deadline for filing a federal habeas petition was December 23, 2002. Dkt. #2. Petitioner has not alleged any facts showing that his petition was timely. Instead, he attempts to show his untimeliness should be excused for equitable reasons. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). Petitioner asserts that challenging his conviction would have caused prison officials to question his willingness to accept responsibility. He contends that prison officials would construe his denial of guilt as a refusal to enter sex offender treatment, thereby jeopardizing his ability to see his children and his mandatory release date.

Apart from general allegations, petitioner does not adduce any facts showing that these fears were valid or likely to be actualized. I also question petitioner's reasoning given that on September 21, 2004, following his incarceration, he filed a postconviction motion to vacate, set aside and dismiss his convictions under Wis. Stat. § 974.06 and appealed the denial of that motion to the Wisconsin Court of Appeals and the Wisconsin Supreme Court in a timely manner. Petitioner does not explain why his fears of being seen as uncooperative did not prevent him from filing that collateral attack.

As the magistrate judge warned in the previous order, equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control .

2

. . prevented timely filing." <u>Marcello</u>, 212 F.3d at 1010 (citations omitted).  In fact, the Court of Appeals for the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." <u>Modrowski v. Mote</u>, 322 F.3d 965, 967 (7th Cir. 2003) (citing <u>Lloyd v. Van Natta</u>, 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcript does not warrant equitable tolling); <u>Montenegro v. United States</u>, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons), <u>overrruled on other grounds by Ashley v. United States</u>, 266 F.3d 671 (7th Cir. 2001); <u>Marcello</u>, 212 F.3d at 1010 (equitable tolling not warranted by unclear law and death of attorney's father). Petitioner has not shown that this is one of those extraordinary circumstances.  Accordingly, I am dismissing the petition because petitioner did not file it timely and has not shown that the delay should be excused for equitable reasons.

ORDER

IT IS ORDERED that the petition of Priest Johnson for a writ of habeas corpus is DISMISSED WITH PREJUDICE because it is untimely.

Entered this 14th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge