IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRIEST JOHNSON,

                Petitioner,                      ORDER

       v.                                       08-cv-0064-bbc

PETER HUIBREGTESE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

      Before the court is petitioner Priest Johnson's motion for reconsideration of this court's judgment entered March 17, 2008, dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In the alternative, petitioner requests a certificate of appealability and leave to proceed *in forma pauperis* on appeal.  (Although petitioner filed his appeal on April 2, 2008, consideration was delayed until petitioner submitted a six-month trust account statement to support his application for leave to proceed *in forma pauperis*, which he has now done.)  For the following reasons, petitioner's requests are denied.

      Before I address petitioner's arguments, I will summarize the relevant allegations contained in the petition, documents submitted with the motion for reconsideration and court records available electronically.

ALLEGATIONS OF FACT

On April 8, 1998, petitioner was convicted in the Circuit Court for Milwaukee County on three counts of second degree sexual assault of a child, Wis. Stat. § 948.02(2). Petitioner appealed. His conviction became final 90 days after the Wisconsin Supreme Court denied his petition for review, or September 24, 2001. Dkt. #1 at ¶ 9 and #2; see also Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County case no. 98 CF 980328 at http://wcca.wicourts.gov (visited June 4, 2008); CCAP WI Supreme Court and Court of Appeals Cases Access for case nos. 2004 AP 2903, 2000 AP 258 and 1998 AP 3513 at http://wcca.wicourts.gov (visited June 4, 2008). Petitioner's deadline for filing a federal habeas petition expired one year and ninety days later, or December 23, 2002. Dkt. #2.

According to an institutional form dated July 30, 2002, petitioner was denied correspondence from a minor because it was in violation of prison policy. Dkt. #9 at 12. On September 21, 2004, petitioner filed a postconviction motion to vacate, set aside and dismiss his convictions under Wis. Stat. § 974.06. He appealed the denial of that motion to the Wisconsin Court of Appeals on November 3, 2004. Following the court of appeals' denial of his claims on August 15, 2006, petitioner filed a petition for review in the Wisconsin Supreme Court on September 15, 2006. CCAP WI Supreme Court and Court

of Appeals Cases Access for case no. 2004 AP 2903 at http://wcca.wicourts.gov (visited June 4, 2008).

In October 2004, petitioner asked to participate in the sex offender treatment program at Waupun Correctional Institution where he was then incarcerated. In February 2005, prison treatment staff recommended instead that petitioner participate in the sex offender deniers program. Petitioner requested a review of that decision on March 18, 2005. Dkt. #9 at 13. In an April 5, 2005 memorandum to petitioner, the warden wrote that the psychological services unit would be reviewing his program needs. Id. at 9. During that review, petitioner apparently admitted to his offense in detail, stated a desire to undergo treatment and "indicated that his only legal issues are attempting to get a time cut." May 4, 2005 sex offender assessment report, id. at 11.

On April 13, 2005, the Department of Corrections wrote that it would not place petitioner's minor children on his visiting list because there were reasonable grounds to believe that the visitation would hinder petitioner's rehabilitation; his offense history might cause problems with the visitation; and there was a risk that his children may be victimized during visitation. Dkt. #9 at 8.

Petitioner filed his habeas petition on January 30, 2008, almost six years after his deadline for doing so. Dkt. #1. In an order entered on March 17, 2008, this court dismissed the petition as untimely. Dkt. #4.

3

OPINION

A. Motion for Reconsideration

In his motion for reconsideration, petitioner repeats his earlier arguments, asserting that his untimeliness should be excused for equitable reasons. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). Petitioner generally alleges that he feared retaliation. He contends that if he had challenged his conviction, prison officials would have questioned his willingness to accept responsibility and construed his actions as a refusal to enter sex offender treatment. According to petitioner, if he did not go through treatment, he would not be allowed to see his children and would have a later mandatory release date.

As noted in the March 2008 order, equitable tolling is granted only sparingly and in extraordinary circumstances. The Court of Appeals for the Seventh Circuit has yet to identify such a circumstance. Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003); Marcello, 212 F.3d at 1010. I found that petitioner did not show that his case involved extraordinary circumstances. I questioned the validity of petitioner's fears of retaliation given the facts that on September 21, 2004, following his incarceration, he filed a postconviction motion to vacate, set aside and dismiss his convictions under Wis. Stat. § 974.06 and appealed the denial of that motion to the Wisconsin Court of Appeals and the Wisconsin Supreme Court in a timely manner. I noted that petitioner failed to explain why

4

his fears of being seen as uncooperative did not prevent him from filing that collateral attack or why he does not fear the filing of a habeas petition at this time.

In support of the instant motion, petitioner attached an affidavit in which he avers that "many different Department of Corrections treatment providers" had threatened him with denial of visitation with his family members if he challenged his conviction. Dkt. #10 at 2-3. However, petitioner's affidavit and the prison forms attached to his motion show that he has been denied the right to see his family throughout his entire incarceration, under a prison policy prohibiting sex offenders' contacts with minors. Id. at 3; dkt. #9 at 8 and 12. Neither of the department's 2002 or 2005 decisions prohibiting petitioner's contact with minors establish that he was denied contact with his family because he challenged his conviction. In fact, it is reasonable to infer from petitioner's affidavit and supporting documents that any restrictions placed on his visitation rights were the result of a statewide policy and not retaliation for filing a lawsuit.

Petitioner also asserts that he was denied sex offender treatment in 2005 and, therefore visitation with his children, because he was challenging his conviction. Prison staff denied petitioner's request for treatment in February 2005, recommending instead a deniers program. However, petitioner successfully challenged that decision. In May 2005, a sex offender report recommended treatment for petitioner, noting that he chose to admit to his offense and sought treatment. As a factor weighing in petitioner's favor, the report notes

5

that he stated that he raised only legal challenges to the length of his sentence. However, petitioner continued to challenge the basis of his conviction on appeal throughout this period and into 2006. Accordingly, I am not persuaded that petitioner was denied treatment in 2005 because he challenged his conviction or would have been denied treatment had he chosen to file a timely habeas petition in 2001. Further, even if petitioner believed that he faced a difficult choice between filing a timely habeas petition and seeing his children, the choice was still his to make.

In sum, petitioner's additional evidence is not compelling. Because this court did not err in dismissing the petition for untimeliness, petitioner's motion for consideration is denied.

## B. Appeal

For the reasons stated above, I am denying petitioner's request for a certificate of appealability. A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463

6

U.S. 880, 893, n.4 (1983)). Petitioner has not made this showing. Reasonable jurists would not debate that equitable tolling does not apply in this case.

The next question is whether petitioner is entitled to proceed *in forma pauperis* on appeal. In determining whether petitioner may proceed *in forma pauperis*, this court must find that petitioner is indigent and taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). This is a less demanding standard than that for determining whether to issue a certificate of appealability. Because a reasonable person could suppose that petitioner's appeal has some merit, I find that it is taken in good faith.

The remaining question is whether petitioner is indigent for purposes of appeal or whether he must prepay all or a portion of the appellate filing fee. This court uses the following formula to determine whether a prisoner is indigent. First, the court determines petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $455 or more, the petitioner is not eligible for indigent status and will have to prepay all of the $455 filing fee. If 20% of the greater of these two figures is less than $455, he will be required to prepay whatever portion less than $455 has been calculated. Applying this formula to petitioner, I find that he is able to pay at least a portion of the appellate filing fee. According to the

7

trust account statement, in the past six months petitioner's monthly balance has averaged $480.89 and his average monthly deposits are $5.36. Twenty percent of the greater of these two figures is $96.18. Accordingly, I will grant petitioner's application for leave to proceed *in forma pauperis* on the condition that he prepay $96.18.

## ORDER

IT IS ORDERED that:

1. Petitioner's motion for reconsideration of this court's March 17, 2008 order is DENIED;

2. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate; and

3. Petitioner's request for leave to proceed *in forma pauperis* is GRANTED on the condition that he prepay the amount of $96.18. Petitioner has until June 30, 2008 to pay this amount.

Entered this 9th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge