IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRIEST JOHNSON,

                    Petitioner,                                ORDER

          v.                                                   08-cv-0064-bbc

PETER HUIBREGTESE, Warden,
Wisconsin Secure Program Facility,

                    Respondent.

---

In an order entered on June 9, 2008, I noted that if petitioner wished to proceed with his appeal, he would have to prepay a partial appellate filing fee of $96.18.  Dkt. #17.  Petitioner now has filed a motion requesting an order directing officials at the Wisconsin Secure Program Facility to pay the $96.18 from his release account funds.  He also requests that this court appoint him counsel for his appeal and correct the record with respect to the docketing statement that he claims he filed.  All three motions will be denied.

The use of release account funds is governed by state law.  See Wis. Admin. Code § DOC 309.466.  According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation."  Although it is true that in rare instances the supremacy clause of the United States Constitution requires state law to

give way to a competing federal law, petitioner is not subject to the 1996 Prison Litigation Reform Act and there is no other federal law that would require state officials to give him money from his release account to prepay an appellate filing fee.  Therefore, this court has no authority to direct prison officials to allow plaintiff access to his release account funds at this time.  If petitioner does not have sufficient funds in his regular account to pay the calculated amount, he may request an enlargement of time to make the payment.

Because plaintiff has filed a notice of appeal, this court no longer has jurisdiction over his case.  Once that has happened, this court loses the authority to act on motions such as petitioner's motion for appointment of counsel.  Accordingly, this court can take no action on his motion.  Plaintiff should direct his motion for appointment of counsel to the United States Court of Appeals for the Seventh Circuit.

Finally, the Court of Appeals for the Seventh Circuit dismissed petitioner's appeal on June 5, 2008 because he failed to file a docketing statement as required by Circuit Rule 3(c).  Dkt. #16.  Petitioner contends that he filed the docketing statement required for his appeal with his motion for reconsideration and request for a certificate of appealability.  See dkt. #9.  He asks this court to correct the error.  As I have explained, this court does not have the jurisdiction or authority to act on petitioner's request.  The docketing statement is required by the court of appeals and must be filed with that court.  It appears that petitioner may be referring to an untitled form that he completed (see attached document, dkt. #9 at 6-7).

2

However, the court of appeals' ruling on petitioner's appeal suggests that the court found this form unacceptable.  Petitioner should direct any further questions that he has regarding the docketing statement or his ability to remedy the situation to the court of appeals.


ORDER

IT IS ORDERED that:

1.  Petitioner's motion requesting an order directing payment of his appellate filing fee from his release account funds is DENIED;

2.  Petitioner's motion for appointment of counsel is DENIED; and

3.  Petitioner's request that this court correct the record is DENIED.

Entered this 3rd day of July, 2008.

BY THE COURT:


*Barbara B. Crabb*

BARBARA B. CRABB
District Judge